United States District Court
Southern District of Texas

**ENTERED**
November 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

Juan Carlos Cisneros Guerrero, *et al.*,　§
　　　　　　　　　　　　　　　　　　§
　　　　　　Plaintiffs,　　　　　　　§
　　　　　　　　　　　　　　　　　　§
*versus*　　　　　　　　　　　　　　§　　Civil Action H-16-465
　　　　　　　　　　　　　　　　　　§
Occidental Petroleum Corporation, *et al.*,§
　　　　　　　　　　　　　　　　　　§
　　　　　　Defendants.　　　　　　　§

## Opinion on Summary Judgment

1.　*Introduction.*

Juan Carlos Cisneros Guerrero and other former employees sued Occidental Petroleum Corporation for failure to pay a fifteen percent profit-share of an arbitration award settlement that Occidental received in 2016, in violation of their statutory rights and a provision of their agreements. Occidental has moved for summary judgment saying that the profit-share provision is annual and Guerrero's employment ended in 2006, so the provision does not apply to the 2016 settlement, leaving the employee's rights and the agreements unviolated.

Because plaintiffs cannot show that Occidental has breached the agreement or their statutory rights, they will lose.

2.　*Background.*
　　A.　*The Settlement.*

On May 21, 1999, Occidental contracted with Petroecuador and the government of Ecuador regarding the production of oil. On May 15, 2006, the Ecuadorian Minister of Energy and Mines terminated the contract after Occidental had transferred a portion of its investment without authorization.

On May 17, 2006, Occidental filed an arbitration with the International Centre for Settlement of Investment Disputes against Ecuador seeking damages for breaching the Bilateral Investment Treaty when it terminated the contract. On October 5, 2012, an ICSID tribunal awarded Occidental $1.7 billion, plus interest, because it found that Ecuador's response was disproportionate and unjustified.

On November 2, 2015, an ICSID annulment committee partially annulled the 2012 award and reduced the award by forty percent to $1 billion.

On January 7, 2016, Occidental and Ecuador settled for $979 million.

B. *The Profit-Share Plan.*

Under Ecuadorian law, Occidental was obliged to share fifteen percent of its realized profits annually with its employees in the aggregate. Ten percent is divided equally among the employees based on the number of days worked. Five percent is divided based on the number of dependants of each employee.

After Ecuador terminated the contract with Occidental in May 2006, Occidental fired the plaintiffs. Each employee signed a *finiquitos*, or individual settlement. Regarding the profit-sharing, the *finiquitos* said that:

> "The only matter that shall remain outstanding and unresolved between the parties is the calculation and payment of the legal profit sharing percentage, if any, which may be due during the 2006 fiscal year, which the Employer is obligated to pay in accordance with the law, no later than April 15 of next year."

As required, Occidental filed its annual tax returns with the SRI, or Ecuadorian Internal Revenue Service, including Occidental's calculation of its profit-share obligation. Because of the termination of the contract by the Ecuadorian government, Occidental declared that it had no profit for 2006. In 2009, the SRI audited the 2006 tax return and confirmed in 2010 that Occidental suffered a loss.

3.  *Breach of Agreement and Statutory Right.*

Under Article 104 of Ecuador's Labor Code, the profit-share calculation is based on the "declarations or determinations prepared for the payment of income tax" of the fiscal year the work was completed.

The plaintiffs say that the written agreement is a promise by Occidental to pay them the profit-share bonus for 2006. They claim that Occidental's 2016 settlement with the Ecuadorian government is 2006 profits because it relates to the 2006 termination of the contract they were hired to do work for. The plaintiffs claim they have a right to the "actually realized and recorded" profits not the profits as listed on the 2006 tax return documents.

Under the language of the *finiquitos*, Occidental owes the plaintiffs the profit-share "which may be due during the 2006 fiscal year." The 2006 profit-share determination is based on the tax return documents for 2006. Because the Ecuadorian government terminated the production contract, Occidental suffered a loss in 2006 as evidenced on their tax return. The SRI confirmed this when it did its review of Occidental's 2006 tax return in 2010.

Under Ecuadorian Accounting Standard 26 and International Accounting Standard 37, a company must not consider a judicial claim as an asset in a given fiscal year if its resolution is uncertain. The income earned from the judicial claim is recognized in the year it is received or in the year it is "virtually certain" to be received. The arbitration payment became "virtually certain" in 2015 at the earliest when Occidental received the first collection from the Ecuadorian government. Occidental would be able to recognize that money in 2015 not 2006, so it would not be in the 2006 profit-share calculation. Just because the 2016 settlement initially arose out of a factual occurrence in 2006, it does not mean that the settlement payment is considered 2006 income.

Further, the 2006 tax return may not be amended now. Under Article 101 of Ecuador's Internal Regime Tax Law, a prior tax return may be retroactively corrected in three circumstances: (a) within one year by the taxpayer; (b) within three years by Ecuador's tax administration; or (c) within

six years by Ecuador's tax administration if no tax return was filed or if the tax return was incomplete. The plaintiffs offer no evidence to show that the 2006 tax return was incomplete when it was filed. The tax return was final in 2010 after the Ecuadorian tax administration completed its review.

The plaintiffs argue that the 2016 settlement is essentially recouping lost profits for 2006, deeming it profits for 2006. They claim that if the government had not cancelled the contract early, Occidental would have made a profit in 2006, so the settlement is profit as restitution. The plaintiffs seem to misconstrue the nature of the money from the settlement. The court is not inclined to think that it would be considered profits but rather revenues. Under Ecuadorian law, the plaintiffs have a right to profits and not revenues, so this argument fails.

The plaintiffs also refer to a 1980 Ecuadorian National Court of Justice case, *Cruz v. Chagra Norte Cia. Ltda.*, to support their claim that Article 104 of the Labor Code may be circumvented to enforce the right to the profit-share. Plaintiff's assertion is misguided as this case rests on the premise that the documents used for the tax return were "definitively established" as false. The plaintiffs claim no facts to say that Occidental's tax documents or return are false, so this argument fails.

4. *Conclusion.*
Because Juan Carlos Cisneros Guerrero and the other former employees cannot show that Occidental violated the agreement or their statutory rights, the plaintiffs will take nothing from Occidental Petroleum Corporation and Occidental Exploration and Production Company.

Signed on November 3, 2020, at Houston, Texas.

Lynn N. Hughes
United States District Judge